IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROBE PROBE and JOHN DOE,** | |
| Plaintiffs, | |
| v. | Case No. 3:23-CV-03248-NJR |
| **JOHN LAYNE MCGEHEE, TAMMY RENEE WEIKERT, TERESA A. RICKE, JILL DOE, and VICTORIA BLUEDORN,** | |
| Defendants. | |

# ORDER

**ROSENSTENGEL, Chief Judge:**

Two amorphous plaintiffs, Robe Probe[1] and John Doe, initiated this action on October 2, 2023, against various personnel of the Fourteenth Judicial Circuit Court of Illinois along with Judge John McGehee. (Doc. 3). In the Complaint, Plaintiffs make many serious and colorfully-worded allegations that Judge McGehee acted improperly while presiding over a state court action in Rock Island County, Illinois. Plaintiff John Doe identifies himself as the plaintiff in that underlying state court action.

As an initial matter, the Complaint contains accusations of criminal acts, corruption, bribery, and case fixing, paired with malicious language, derogatory slurs, and charged phrases like: "Muslim terrorist," "judicial thug," "judicial felon," "imbecile, ignorant, clueless crook," "ignorant fool," "crook scorpion lawyer," "perverted sadist defendant," "judicial clown," "mad hyena," "clueless pathetic creature," and "maniacal, out of control

---

[1] In the Complaint, Robe Probe (also called Judicial Felons Watch) describes itself as a national watch dog that polices judicial abuses, judicial fraud, judicial corruption, and judicial felonies and monitors corrupt state court judges nationwide. (Doc. 3).

psychopath." (Doc. 3). Simply put, the language in the Complaint is inappropriate and will not be tolerated in this Court.

Aside from the fact that the Complaint contains outlandish, disrespectful, and intimidating allegations and language, it is clear to this Court that the real plaintiff standing behind "Robe Probe" and "John Doe" is Roger Shekar,[2] a restricted filer in the Seventh Circuit. First, on page eight of the Complaint, despite Shekar's best efforts to conceal his identity, he exposes himself as "Mr. Shekar." Throughout the Complaint, John Doe is the pseudonym used for the plaintiff in the underlying state court action. Specifically, John Doe describes himself as an individual who listed his home for sale by owner. (Doc. 3, p. 3). The Complaint contains an excerpt from the underlying state court complaint, which reveals the plaintiff in that action stating, "Plaintiff Mr. Shekar listed his home for 'Sales [sic] by Owner' with a 'flat fee listing broker.'" (*Id.* at p. 8) (original emphasis omitted). Obviously, John Doe is Roger Shekar.

To further assure itself of the true identity of John Doe and Robe Probe, the Court dug a little deeper. Two filings in this case list Robe Probe as "c/o Justice Clinic" with different addresses in Schaumburg, Illinois. (*Id.* at pp. 25-27; Doc. 7, p. 2). One such address is "950 Plum 681085, Schaumburg, Illinois 60168." (Doc. 7, p. 2). The Court found a docket from the Illinois Commerce Commission ("ICC") in case number 19-0863, *Roger Shekar v. Commonwealth Edison Company*, linking this address and the Justice Clinic to Roger Shekar. The service list in the e-Docket for this ICC case names Roger Shekar as the Petitioner and Party of Record at the address: Justice Clinic, PO Box 681085, 950 Plum Grove,

---

[2] Also known as Raj Shekar or Garan Shekar.

Schaumburg, IL 60168-1085.³ The Court takes judicial notice of this docket.⁴

Shekar's pleading directly violates his filing ban. Given his history of submitting frivolous filings and failing to pay his fees and sanctions, the Seventh Circuit has imposed filing restrictions upon Shekar. The latest of which announces:

> **Unless and until Shekar pays all outstanding filing fees and sanctions, the clerks of all federal courts in this circuit are directed to return unfiled any papers submitted either directly or indirectly by him or on his behalf.** *See In re City of Chi.*, 500 F.3d 582, 585-86 (7th Cir. 2007); *Support Sys. Intl, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995) (per curiam). In accordance with our decision in *Mack*, exceptions to this filing bar are made for criminal cases and for applications for writs of habeas corpus. *See Mack*, 45 F.3d at 186-87. This order will be lifted immediately once Shekar makes full payment. *See City of Chi.*, 500 F.3d at 585-86. If Shekar, despite his best efforts, is unable to pay in full all outstanding sanctions and filing fees, no earlier than two years from the date of this order he is authorized to submit to this court a motion to modify or rescind this order. *See id.*; *Mack*, 45 F.3d at 186.

*See Teledyne Technologies Inc. v. Shekar*, No. 17-2171, Doc. 70 (7th Cir.) (emphasis added). On August 22, 2023, the Court of Appeals denied Shekar's request to rescind the filing bar until all outstanding fees and sanctions are paid in full. *Id.* at Doc. 78. Shekar's filing ban remains intact, and he cannot circumvent this restriction by filing under pseudonyms and invented non-profit organizations. What's more, Shekar's actions have wasted judicial resources by causing the Court to review his frivolous Complaint and labor to uncover his true identity. Shekar must not construe this Order as an invitation to become more sly or crafty in his attempts to file in this district or circuit. While subject to filing restrictions, Shekar must

---

³ https://www.icc.illinois.gov/docket/P2019-0863/service-list (last visited Dec. 20, 2023).
⁴ A court is empowered to take judicial notice of facts that are "(1) not subject to reasonable dispute and (2) either generally known within the territorial jurisdiction or capable of accurate and ready determination through sources whose accuracy cannot be questioned." *Ennenga*, 677 F.3d at 773-74. Contents of court records are frequently the subject of judicial notice. *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997). Here, the Illinois Commerce Commission's electronic docket is readily ascertainable from an official and public state administrative court record whose accuracy is not subject to reasonable dispute.

cease this misconduct and put an end to his antics.

Based on Shekar's status as a restricted filer, the Court **DIRECTS** the Clerk of Court to **ADMINISTRATIVELY CLOSE** this case. Shekar is **REMINDED** that while the filing restrictions imposed in *Teledyne Technologies Inc. v. Shekar,* No. 17-2171 (7th Cir.), remain in effect, the Clerk of Court will return unfiled any papers submitted to this Court in violation of the restriction. Shekar's attempts to conceal his identity through anonymous "John Doe" plaintiffs or invented entities cannot overcome his filing restriction. To deter similar misconduct in the future, the Court **WARNS** Shekar that he shall be subject to increasingly harsh sanctions, including but not limited to monetary fines, for further attempting to bypass his filing ban.

**IT IS SO ORDERED.**

DATED: December 21, 2023

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**